# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| MONTEL THEOPOLIS JONES,<br><br>    Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA. | No. C09-1027-LRR<br>No. CR06-1021-LRR<br><br>ORDER |

This matter appears before the court on Montel Theopolis Jones' motion to vacate, set aside or correct sentence (docket no. 1), motion to proceed in forma pauperis (docket no. 2), motion to appoint counsel (docket no. 3) and motion to amend (docket no. 5). Montel Theopolis Jones ("the movant") filed his motion to vacate, set aside or correct sentence on August 3, 2009, motion to proceed in forma pauperis and motion to appoint counsel on May 20, 2010 and his motion to amend on January 7, 2011.

With respect to the movant's motion to proceed in forma pauperis, there is no filing fee associated with filing a motion under 28 U.S.C. § 2255. To the extent that the movant is seeking in forma pauperis status because he wants the court to appoint an attorney to represent him, the court concludes that appointment of counsel is not warranted in light of the four claims that he asserted. Appointment of counsel is based on multiple factors, including the complexity of the case, and, although the court does appoint attorneys in actions that arise under 28 U.S.C. § 2255, it is not required to appoint an attorney. *See Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent

litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case); *Day v. United States*, 428 F.2d 1193, 1195 (8th Cir. 1970) ("The Sixth Amendment does not extend to persons seeking post conviction relief." (citing *Baker v. United States*, 334 F.2d 444, 447 (8th Cir. 1964))). A cursory review of the record suggests that the movant's *Blakely/Apprendi* claim is misinformed, especially considering that the Eighth Circuit Court of Appeals already affirmed the court's calculations regarding drug quantity, and that the movant voluntarily and knowingly pleaded guilty pursuant to a valid plea agreement. Accordingly, the movant's motion to proceed in forma pauperis (docket no. 2) is denied as moot, and the movant's motion to appoint counsel (docket no. 3) is denied.

Concerning the movant's motion to amend, the movant's additional sentencing arguments are untimely, and they do not sufficiently relate back to his original claims. *See United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999) (concluding an otherwise untimely amendment to a 28 U.S.C. § 2255 motion does not relate back to a timely filed motion when the original claims are distinctly separate from the claims in the amendment); *see also Mandacina v. United States*, 328 F.3d 995, 999-1000 (8th Cir. 2003) (citing *Craycraft*, 167 F.3d at 457); *Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999) (discussing *Craycraft*, 167 F.3d at 456-57). Accordingly, the movant's motion to amend (docket no. 5) is denied.

Having conducted its preliminary consideration of the movant's § 2255 motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the court directs the government and the movant to respond in the following manner:

> 1. The government is directed to file a brief in response to the movant's § 2255 motion on or before February 28, 2011. The government may attach relevant exhibits to its brief.

2. If he so chooses, the movant is directed to file a brief in reply to the government's response on or before March 14, 2011.

**IT IS SO ORDERED**.

**DATED** this 10th day of January, 2011.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA